IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| State Farm Life Insurance Company, | ) Civil Action No. 3:25-cv-00486-JDA |
| *Plaintiff*, | ) |
| vs. | ) COMPLAINT FOR INTERPLEADER |
| Lisa Renee Brown, Corey Rios, Casey L. Brown, | ) |
| *Defendants*. | ) |

The Plaintiff, State Farm Life Insurance Company ("State Farm"), states the following as its Complaint for Interpleader pursuant to 28 U.S.C. § 1335:

NATURE OF THE CASE

1.  State Farm files this statutory interpleader action seeking an Order allowing it to pay the proceeds of two life insurance policies—Policy No. LF-0643-2209 ("Policy 2209," a redacted[1] copy of which is attached as Exhibit 1) and Policy No. LF-0691-1491 ("Policy 1491," a redacted[2] copy of which is attached as Exhibit 2)—insuring the life of Terry L. Brown ("Insured") into the registry of the Court because of the competing and conflicting claims being made for such proceeds by Defendants Lisa Renee Brown ("Claimant L. Brown"), Corey Rios ("Claimant Rios"), and Casey L. Brown ("Claimant C. Brown," and together with Claimant L. Brown and Claimant Rios, the "Claimants").

---

[1] Sensitive personal information, including Social Security Numbers (except for the last four digits) and dates of birth (except for the year of birth), have been redacted from Policy 2209 for purposes of filing.
[2] Sensitive personal information, including Social Security Numbers (except for the last four digits) and dates of birth (except for the year of birth), have been redacted from Policy 1491 for purposes of filing.

2. State Farm further requests discharge from any and all liability under Policy 2209 and Policy 1491 and that an injunction be issued preventing further suits against it related to Policy 2209 and Policy 1491.

## PARTIES

3. State Farm is an insurance company organized and existing under the laws of Illinois and maintains its principal place of business in Bloomington, Illinois.

4. Upon information and belief, Claimant L. Brown is a citizen of South Carolina, residing in Richland County, South Carolina.

5. Upon information and belief, Claimant Rios is a citizen of Maryland, residing in Anne Arundel County, Maryland

6. Upon information and belief, Claimant C. Brown is a citizen of California, residing in Humboldt County, California.

## AMOUNT IN CONTROVERSY

7. The death benefit due under Policy 2209, exclusive of interest for the period from the Insured's date of death to the date of State Farm's payment, is $25,000.

8. The death benefit due under Policy 1491, exclusive of interest for the period from the Insured's date of death to the date of State Farm's payment, is $25,000.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because there is diversity of citizenship between the Claimants and the amount in controversy exceeds $500.

10. This Court has personal jurisdiction over the Claimants pursuant to 28 U.S.C. § 2361 because this is a statutory interpleader brought under 28 U.S.C. § 1335.

11.     Venue in this district is proper under 28 U.S.C. § 1397 because one of the Claimants resides in this judicial district.

## FACTUAL ALLEGATIONS

12.     State Farm issued Policy 2209, a five-year term life insurance policy insuring the life of Terry L. Brown with a benefit face amount of $25,000, effective November 16, 1982 in the State of Florida.

13.     At the time of Policy 2209's inception, the Insured named, Cynthia Brown, his spouse at the time, as sole, primary beneficiary of Policy 2209.

14.     State Farm issued Policy 1491, a five-year term life insurance policy insuring the life of Terry L. Brown with a benefit face amount of $25,000, effective November 16, 1983 in the State of Florida.

15.     At the time of Policy 1491's inception, the Insured named Cynthia Brown, his spouse at the time, as sole, primary beneficiary of Policy 2209.

16.     Sometime after the inception of Policy 2209 and 1491, the marriage between the Insured and Cynthia Brown ended.

17.     In 1999, the Insured married Claimant L. Brown.

18.     On July 12, 2000, the Insured executed change of beneficiary forms on Policy 2209 and Policy 1491 thereby removing Cynthia Brown as a beneficiary under Policy 2209 and Policy 1491, naming Claimant Rios and Claimant C. Brown, the Insured's daughters, as the primary beneficiaries of Policy 2209 and Policy 1491, and naming Claimant L. Brown as the sole successor beneficiary of Policy 2209 and Policy 1491.

19.     On November 24, 2016, the Insured executed change of beneficiary forms on Policy 2209 and Policy 1491 thereby naming Claimant L. Brown as the sole, primary beneficiary

of Policy 2209 and Policy 1491 and naming Claimant Rios and Claimant C. Brown as the successor beneficiaries of Policy 2209 and Policy 1491.

20. The Insured did not execute another change of beneficiary form on Policy 2209 or Policy 1491 after November 24, 2016.

21. The Insured died on April 15, 2024 in the State of California. Upon information and belief, the Insured was a citizen and resident of the State of Georgia at the time of his death.

22. State Farm was notified of his death in May 2024, at which time it also learned of the Insured's divorce from Claimant L. Brown and that Claimant Rios and Claimant C. Brown were contesting Claimant L. Brown's entitlement to death benefits under Policy 2209 and Policy 1491 based on the divorce.

23. Claimant Rios and Claimant C. Brown provided State Farm a copy of the Final Order for Divorce entered in a case styled *Terry L. Brown v. Lisa R. Brown*, Case No. 2021-DR-23-2551 in the Family Court of Greenville County, South Carolina (the "Divorce Order") as well as a copy of S.C. Code § 62-2-507, which provides, subject to exceptions, the divorce of a marriage revokes a beneficiary designation made by a divorced individual to the divorced individual's former spouse.

24. Claimant Rios and Claimant C. Brown assert that the Insured's 2021 divorce from Claimant L. Brown revoked Claimant L. Brown's primary beneficiary designation under Policy 2209 and Policy 1491, that Claimant L. Brown, therefore, is not entitled to the death benefits under Policy 2209 and Policy 1491, and, instead, they, as successor beneficiaries, are entitled to the death benefits under Policy 2209 and Policy 1491.

25. Claimant L. Brown asserts she is entitled to the death benefits under Policy 2209 and Policy 1491 regardless of her 2021 divorce from the Insured.

26. The Claimants are unable or unwilling to reach an agreement as to the distribution of the death benefits due under Policy 2209 and Policy 1491.

27. Given Policy 2209 and Policy 1491 were issued in the State of Florida, the divorce occurred in the State of South Carolina, the Insured died in the State of California, the Insured was a resident and citizen of the State of Georgia at the time of his death, and the differing laws of the States of Florida, South Carolina, California, and Georgia as to the impact, if any, of divorce on a pre-divorce beneficiary designation made by a divorced individual to the divorced individual's former spouse on an individual life insurance policy, State Farm, a disinterested stakeholder faced with competing and conflicting claims by the Claimants, is unable to make a determination as to the impact, if any, of the Insured's divorce from Claimant L. Brown on his pre-divorce designation of Claimant L. Brown as the primary beneficiary on Policy 2209 and Policy 1491.

CAUSE OF ACTION FOR INTERPLEADER

28. State Farm incorporates by reference all the preceding paragraphs of this Complaint as though repeated verbatim.

29. Based upon the facts set forth above and the competing and conflicting claims of the Claimants, State Farm is in doubt as to which of the Claimants is entitled to payment of the proceeds under Policy 2209 and Policy 1491, and State Farm is or may be exposed to multiple or inconsistent liability obligations under Policy 2209 and Policy 1491.

30. State Farm admits liability under Policy 2209 in the amount of $25,000 in addition to all applicable lawful interest, which amount State Farm is and always has been ready, able, and willing to pay to the person or persons who may be lawfully entitled to receive it.

31. State Farm also admits liability under Policy 1491 in the amount of $25,000 in addition to all applicable lawful interest, which amount State Farm is and always has been ready, able, and willing to pay to the person or persons who may be lawfully entitled to receive it.

32. With the filing of this Complaint for Interpleader, State Farm seeks leave of court to deposit with the registry of the Court the sum of $50,000, plus the amount of applicable interest due on Policy 2209 and 1491 at the time of deposit, less any deduction for reasonable attorney's fees and costs allowed by the Court.

33. State Farm further avers that in justice and in equity it should not be compelled to become involved in the dispute between the Claimants, and instead that the Claimants should be ordered to litigate between themselves without involving State Farm as a party to litigation.

34. State Farm further pleads its entitlement to an award from the proceeds it seeks to deposit for reasonable attorneys' fees and costs incurred bringing this action for interpleader.

WHEREFORE, State Farm prays the Court grant the following relief:

(a) Leave of court to deposit with the registry of the Court the sum of $50,000 plus the amount of applicable interest due on Policy 2209 and 1491 at the time of deposit, less a deduction for reasonable attorney's fees and costs incurred by State Farm in commencing and litigating this interpleader action;

(b) That the Claimants be required to interplead and settle between themselves their rights to the money deposited with the Court;

(c) Upon payment into the Court of the death benefit and interest due, less any deduction for reasonable attorney's fees and costs allowed by the Court, that State Farm be discharged from all liability of any type or kind under Policy 2209 and Policy 1491 to the Claimants, their heirs, assigns, or any other person or entity claiming entitlement to benefits under Policy 2209 and Policy 1491; and

(d) That State Farm be awarded such other and further relief as equity may require and the Court deems just and proper.

*[Signature Page to Follow]*

        WHELAN MELLEN & NORRIS, LLC

By: s/ M. KATHLEEN McTIGHE MELLEN
M. Kathleen McTighe Mellen
Federal Bar No. 11652
E-Mail: katie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099

*Counsel for State Farm Life Insurance Company*

Charleston, South Carolina

January 24, 2025